**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

SENTARA HOSPITALS,
d/b/a SENTARA VIRGINIA BEACH
GENERAL HOSPITAL,

                Plaintiff,

v.                                                                                      Civil Action No. 2:07cv1

MAXIM HEALTHCARE SERVICES, INC.,

                Defendant.

**ORDER AND OPINION**

      This matter comes before the court on the defendant's Motion to Dismiss for failure to state a claim for which relief can be granted, filed pursuant to FED. R. CIV. P. 12(b)(6).  After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument.  The court, for the reasons set fully herein, **DENIES** the defendant's motion.

I. Factual Background

      The plaintiff is a non-profit healthcare provider that operates a hospital in Virginia Beach, Virginia.  The defendant provides nursing personnel to various hospitals, and specifically to Sentara Virginia Beach General Hospital.  On December 4, 2000, William Hatchett, a patient at Virginia Beach General, slipped and fell, striking his head.  He ultimately died from that injury on January 10, 2001.  On or about August 4, 2004, Della Hatchett, as Administratrix of the Estate of William Hatchett, filed a Motion for Judgment against the plaintiff in the Circuit

Court for the City of Virginia Beach, Virginia, alleging negligence on the part of the plaintiff and its employees and agents in failing to keep the hospital premises safe for invitees and patients.

On November 16, 2005, the Hatchett estate and the plaintiff entered into a settlement agreement, whereby the plaintiff, without admitting liability on the underlying matter, settled the claim by paying to the Hatchett estate the sum of $212,500.00.  See Order of Compromise Settlement, Exhibit 2 to Complaint.

II.  Procedural History

On November 22, 2006, in the Virginia Beach Circuit Court, the plaintiff filed the instant suit against the defendant, seeking indemnification for the sum paid out to Hatchett.  Specifically, the complaint alleges that Nurse Sherry Byrd, who was employed by the defendant and working at Virginia Beach General, was negligent in failing to clean up a wet floor after having been informed of its condition, which ultimately resulted in the death of William Hatchett.  The defendant removed the case to this court on the basis of diversity jurisdiction on January 3, 2007, and filed an answer and the instant motion on January 10, 2007.  The motion to dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6), avers that the complaint fails to state a claim for which relief can be granted.  Specifically, the defendant claims that the plaintiff is not a proper party in interest, and thus cannot enforce the contract between Virginia Beach General Hospital and the defendant.  Further, the defendant claims that even if the plaintiff could enforce the contract, the plaintiff was not liable for any negligence toward William Hatchett as a result of the alleged negligence of the defendant's employee, because the defendant is an independent contractor.  Finally, the defendant claims that, if the negligence claimed is on the part of the plaintiff, the defendant cannot be liable for such negligence.

The plaintiff filed a response brief on January 24, 2007. After moving successfully for leave to file a late rebuttal brief, the defendant filed such a brief on January 30, 2007. The matter is therefore ripe for consideration.

III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the defendant to request dismissal if the plaintiff has filed a claim upon which relief cannot be granted. FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim upon which relief can be granted, "a count should be dismissed only where it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven." America Online, Inc. v. GreatDeals.Net, 49 F. Supp. 2d 851, 854 (E.D. Va. 1999). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

While the court must take the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions. See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal pursuant to Rule 12(b)(6) is appropriate when upon considering the facts set forth in the complaint as true and construing the facts in the light most favorable to the non-moving party, there is no basis on which relief can be granted. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal should not be granted unless the moving party can demonstrate that no set of allegations will support the complaint. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083 (4th Cir. 1979).

IV. Analysis

A. Proper Plaintiff

The defendant's first contention is that the plaintiff is not a party to the contract between the defendant and Virginia Beach General Hospital, and therefore is not entitled to sue for indemnification under that contract. The agreement at issue was entered into on December 23, 1996, by the defendant and Virginia Beach General Hospital. Extended Staffing Agreement, Exhibit 3 to Complaint. In March of 2002, Virginia Beach General Hospital merged with the plaintiff, and the plaintiff assumed all contractual obligations of Virginia Beach General Hospital from that time forward. Articles and Plan of Merger, Exhibit F to Response Brief. Specifically, the Plan of Merger called for the plaintiff to "assume and be subject to all of the debts, liabilities, obligations, restrictions, disabilities, and duties of" Virginia Beach General. Id. at ¶ 4. It appears, then, that the plaintiff has the authority to bring an action to enforce the agreement. Although the defendant claims that the Virginia Nonstock Corporation Act, VA. CODE ANN. § 13.1-897, provides only that the surviving corporation after a merger takes title to all property and takes on the liabilities of each party to the merger, in this case the plaintiff and Virginia Beach General explicitly agreed that the surviving corporation, the plaintiff, would assume the obligations of Virginia Beach General Hospital. The plain meaning of this language is that the plaintiff took over the rights of Virginia Beach General vis-à-vis the contract with the defendant. To the extent the defendant claims that this was an assignment of rights in violation of the contract's non-assignability clause, this is incorrect. Indeed, the Virginia Supreme Court has recognized that, an express assumption of liabilities will make a purchasing corporation liable for the obligations of the selling corporation. Harris v. T.I., Inc., 243 Va. 63, 70 (1992). What

occurred here was a complete corporate merger, not a mere assignment of rights under the contract.

To the extent that the non-assignability clause might possibly be construed to bar the plaintiff from bringing the instant action, the defendant is estopped from making such a claim, as it continued to perform under the contract for nearly five years after the merger took place. The defendant's claim that the plaintiff is not bound by the contract is belied by the defendant's behavior since the merger took place, as it accepted payment from the plaintiff for services its employees rendered pursuant to that contract. It cannot now be heard to claim that the contract does not bind it to the plaintiff. Construing the facts in the light most favorable to the plaintiff, the defendant's claim that the plaintiff is not entitled to enforce the contract is insufficient to provide the basis for a motion to dismiss.

B. Independent Contractor or Agent

The heart of the defendant's motion to dismiss is its claim that it is an independent contractor of the plaintiff, and therefore the plaintiff could not be liable to the estate of William Hatchett for the negligence of the defendant. This, of course, is basic agency law: a principal is generally liable for the negligence of its agent, but, with few exceptions, is not liable for the negligence of an independent contractor. McDonald v. Hampton Training Sch. for Nurses, 254 Va. 79, 81 (1997). Virginia courts apply a four-factor test in determining whether an individual is an agent or an independent contractor. The four factors considered are

> (1) selection and engagement; (2) payment of compensation; (3) power of dismissal; and (4) power to control the work of the individual. The fourth factor, the power to control, is determinative. This factor refers to control over the means and method of performing the work. It is immaterial whether the employer exercises this control; the test is whether the employer has the power to exercise such control.

<u>Id.</u>

The defendant points to a provision in the contract entitled "Independent Contractors," which states: "The parties enter into this Agreement as independent contractors, and nothing contained in this Agreement will be construed to create a partnership, joint venture, agency, or employment relationship between the parties." Extended Staffing Agreement, Exhibit 3 to Complaint, at § 6.01. Thus, says the defendant, the contract explicitly forecloses a determination that Nurse Byrd was an agent or employee of the plaintiff. Extending this reasoning to its logical end, the defendant argues that the plaintiff could not be liable for any negligence on the part of Nurse Byrd, and therefore that the payments made to compromise the Hatchett lawsuit constitute payments made as a volunteer. <u>See, e.g.</u>, <u>Williams v. Consolvo</u>, 237 Va. 608, 613 ("Where a person with full knowledge of the facts voluntarily pays a demand unjustly made upon him, though attempted or threatened to be enforced by proceedings, it will not be considered as paid by compulsion, and the party thus paying is not entitled to recover back the money paid.").

The defendant argues at great length that it–and by extension its employee Nurse Byrd–is an independent contractor of the plaintiff. While the law ordinarily does not place liability upon a principal for the negligent conduct of its independent contractor, the contract between the parties in this case seems to contemplate exactly such a scenario, and therefore provides for indemnification. Specifically, the contract provides: "MAXIM agrees to indemnify and hold harmless [Sentara], its directors, officers, employees, and agents from and against any and all claims, actions, or liabilities which may be asserted against them by third parties in connection with the negligent performance of MAXIM, its directors, officers, employees, or agents under this Agreement." Extended Staffing Agreement, Exhibit 3 to Complaint, at § 6.03. Therefore

the defendant's claim that the plaintiff is not entitled to recover the voluntary payments it made to the Hatchett estate to settle the claim based on the alleged negligence of Nurse Byrd is belied by the explicit terms of the contract.  Further, the court notes that the settlement order explicitly states that "any and all rights of causes of action for contribution or indemnity be and hereby are preserved for the settling defendant [Sentara]."  Order of Compromise Settlement, Exhibit 2 to Complaint, at 4.  At the very least, the plaintiff could prove a set of facts consistent with its complaint that would entitle it to the relief sought.

Although the plaintiff claims that the negligence at issue in this case is that of Nurse Byrd, an employee of the defendant, the defendant points out that the suit against the plaintiff by the Hatchett estate alleged liability on the part of the plaintiff for negligence of the plaintiff's employee.  Thus, argues the defendant, if the death of William Hatchett was as a result of the negligence of the plaintiff or its own employee, the defendant can have no liability.  However, in settling the claim with the Hatchett estate, the plaintiff expressly did not admit liability.  Id. at 2 ("[T]his settlement is not to be construed as an admission of liability by the Defendant [Sentara], its employees, contractors, contract employees, and/or agents.").  The mere fact that the Hatchett lawsuit alleged negligence on the part of the plaintiff does not preclude a determination that it was actually the defendant's employee who was negligent, or even that there was no negligence whatsoever.  Therefore, this cannot serve as the basis for dismissal pursuant to Rule 12(b)(6).

Indeed the plaintiff is not seeking, as the defendant suggests, to be indemnified for the negligence of its own employee.  Rather, the plaintiff has alleged that the defendant's employee was negligent, that such negligence resulted in William Hatchett's death and the subsequent lawsuit by his estate against the plaintiff, and that the indemnification provision in the contract

requires the defendant to indemnify the plaintiff for the money it expended to settle the lawsuit with the Hatchett estate.  The defendant has failed to meet its burden of demonstrating that recovery for the plaintiff would be impossible under any set of facts proven.

V.  Conclusion

Because the plaintiff could prove facts sufficient to entitle it to relief on the complaint, the defendant's motion to dismiss is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

March 30, 2007
Norfolk, Virginia